H. W. HUNTER, MRS. L. O. ELLIS, EMMA WOODWARD AND EARL S. BLAND, v. BOARD OF TRUSTEES OF THE RETIREMENT SYSTEM OF THE CITY OF WILMINGTON, NAMELY, EDGAR L. YOW, RICHARD S. ROGERS AND J. R. BENSON.

(Filed 2 June, 1944.)

**1. Retirement System §§ 7b, 8b—**

The employees of the consolidated Board of Health of New Hanover County, Public-Local Laws 1913, ch. 316, are joint employees of the city of Wilmington and county of New Hanover, and the Trustees of the Retirement System of the city of Wilmington may be compelled, by *mandamus*, to accept from such employees the payments required by ch., 708 S. L., 1943, and to place the names of such employees upon the pension rolls of such retirement System.

**2. Retirement System § 7b—**

The Wilmington Public Library is an agency of the city of Wilmington, controlled by, and entirely dependent upon, the city for its existence, Private Laws 1907, ch. 138, and Private Laws 1921, ch. 5, and therefore the employees of the said library are employees of the city of Wilmington and as such are entitled to the benefits of the Retirement System under the provisions of ch. 708, S. L., 1943.

**3. Same—**

The Associated Charities of the city of Wilmington is a private corporation, in no way controlled or dependent upon the city of Wilmington, although it receives some voluntary aid from said city; and the employees

of said Associated Charities are not, therefore, entitled to the benefits of the Retirement System, S. L., 1943, ch. 708.

**4. Retirement System §§ 7b, 8b—**

The Alcoholic Beverage Control Board of New Hanover County, Public-Local Laws 1937, ch. 49; Public-Local Laws 1937, ch. 471, is in no way under the control or management of either the city of Wilmington or New Hanover County, and its employees are not employees of said city and county and are not entitled to the benefits of the Retirement System. S. L., 1943, ch. 708.

DENNY, J., concurring.
STACY, C. J., joins in concurring opinion.
BARNHILL, J., dissenting.

APPEAL by plaintiffs, Mrs. L. O. Ellis and Earl S. Bland, and by the defendants, from *Burney, J.,* at Chambers in Wilmington, 25 March, 1944. From NEW HANOVER.

This was a civil action originally instituted by H. W. Hunter against the Board of Trustees of the Retirement System of the city of Wilmington, created by chapter 708, Session Laws, 1943, to obtain a writ of *mandamus* to compel the secretary of said board of trustees to accept funds deducted from the salaries of the employees of the consolidated Board of Health of New Hanover County, and to compel said trustees to treat said employees as members of said Retirement System and eligible for the benefits thereof. Thereafter Mrs. L. O. Ellis, Miss Emma Woodward and Earl S. Bland, representing respectively the employees of the Associated Charities of Wilmington, the Wilmington Public Library and the Alcoholic Beverage Control Board of New Hanover County were, upon petition, made parties plaintiff and adopted the complaint filed and filed supplemental complaints.

After the pleadings had been filed, by consent of the parties, the cause came on for hearing before the resident judge of the 8th Judicial District at chambers, at which hearing the parties agreed that the court could hear the evidence, find the facts and determine the law arising thereon.

The court entered judgment granting the *mandamus* sought to H. W. Hunter and other employees of the Consolidated Board of Health of New Hanover County and to Miss Emma Woodward and other employees of the Wilmington Public Library, and dismissed the action of Mrs. L. O. Ellis on behalf of herself and other employees of the Associated Charities of Wilmington and the action of Earl S. Bland on behalf of himself and other employees of the Alcoholic Beverage Control Board of New Hanover County.

From the judgment of Burney, J., the plaintiffs, Mrs. L. O. Ellis and Earl S. Bland, and the defendants, respectively, appealed, assigning errors.

*F. C. Paschall for plaintiffs Ellis and Bland, appellants.*
*R. M. Kermon for plaintiff Hunter, appellee.*
*F. C. Paschall for plaintiff Woodward, appellee.*
*Wm. B. Campbell for defendants, appellants.*

SCHENCK, J.   This case may be more clearly understood by discussing the individual appeals taken therein *seriatim.*

First: The appeal of defendants from judgment allowing the *mandamus* sought to H. W. Hunter and other employees of the consolidated Board of Health of New Hanover County.   It is the contention of the defendants, appellants, that the court erred in holding that the employees of the Consolidated Board of Health of New Hanover County are joint employees of the city of Wilmington and county of New Hanover, and thereupon adjudging that the trustees of the Retirement System of the city of Wilmington be required to accept from such employees the payments required by chapter 708, Session Laws, 1943, and to place the names of such employees upon the pension rolls of the Retirement System of the city of Wilmington.   We are of the opinion that this contention is not sustained by the record.

Chapter 316, Public-Local Laws 1913, is "An Act to Consolidate The Health Departments of The City of Wilmington and The County of New Hanover."   Prior to its enactment the city of Wilmington maintained a Health Department, and the county of New Hanover also maintained the New Hanover County Board of Health, authorized by chapter 62 of Public Laws 1911.   Both of these bodies were authorized and charged with the duty of making such regulations governing health and sanitation as were necessary to safeguard the welfare of the people in their respective municipalities.   To enable the better enforcement of such regulations the above mentioned Act of 1913 was made law.   It provides that the body politic thereby created, the Consolidated Board of Health of New Hanover County, is empowered to control, and is invested with the care and responsibility of, the health and sanitary interests and conditions of the county of New Hanover, and shall assume all the duties and powers imposed by law upon the council of the city of Wilmington, with reference to the health and sanitary conditions of said city, and that all salaries, fees and expenses necessary and required to carry out the provisions of the Act shall be contributed and paid by the city of Wilmington and the county of New Hanover in proportion of two-thirds part by the city of Wilmington and one-third part by the county of New Hanover.

The Act further provides that the County Board of Health is to furnish the city of Wilmington and the county of New Hanover, on first

Monday in June of each year, a statement of disbursements made by the County Board during the preceding 12 months and a statement of the requirements for the ensuing 12 months and specifically provides that the council of the city of Wilmington and the board of commissioners of the county of New Hanover at the time designated by law for levying taxes, shall make a levy on all real and personal property sufficient to raise the revenue required to meet and pay each year respectively the said amounts so required; and further, that said city council and county board may reduce the amount asked for if they deemed the amount excessive; and to safeguard the amounts paid by the city council and county board it is provided that they shall pay only one-twelfth of their respective portions each month. The Board of Health of New Hanover County operates under a contract with the State Board of Health, and the employees of the county board are therefore operating under the Merit System of certain departments of the State of North Carolina, as provided by chapter 378, Public Laws 1941, and for this reason neither the city nor county have jurisdiction over their salaries. The contract between the County Board of Health and the State Board of Health is, however, approved both by the mayor of the city of Wilmington and the chairman of the Board of Commissioners of the county of New Hanover, showing a recognition of the consolidated Board of Health as a joint operation. Subsection (b), sec. 7, ch. 708, Session Laws, 1943, and subsection (b), sec. 7, ch. 669, Session Laws, 1943, provide that where employees are employed jointly by the city and county, the deduction from salaries and benefits derived shall be in proportion to the portion of the salaries paid by the city and county respectively.

It being the duty of the city of Wilmington and the county of New Hanover, under ch. 316, Public Laws 1913, to appropriate all salaries, fees and expenses necessary to carry out the provisions of the Act, it would seem that the employees of the consolidated Board of Health of New Hanover County, created by the Act, would be joint employees of such city and county within the legislative intent, and we therefore hold there was no error in the holding of his Honor below to this effect.

Second: Appeal by defendants from judgment allowing the *mandamus* sought to Miss Emma Woodward and other employees of the Wilmington Public Library.

It is the contention of the defendants, appellants, that the court erred in holding that the employees of the Wilmington Public Library were employees of the city of Wilmington, and thereupon adjudging that the trustees of the Retirement System of the city of Wilmington be required to accept from such employees payments required by ch. 708, Session Laws, 1943, and to place the names of such employees upon the pension

rolls of such Retirement System of the city of Wilmington. We are of the opinion that this contention is not sustained by the record.

The present Wilmington Public Library was created pursuant to ch. 138, Private Laws 1907. Section 1 of this Act makes it mandatory upon the Board of Aldermen of the city of Wilmington to elect five persons as trustees to control and maintain a free library. Section 2 vests the trustees with power to operate a free library. Chapter 5, Private Laws 1921, removes the limitation of appropriations to the library by the city. The Wilmington Public Library is governed by three trustees appointed by the councilmen of the city of Wilmington, and any vacancy occurring among the trustees is filled by the said councilmen. The furniture and equipment of the City Library is the property of the city, and is all housed in quarters in the City Hall; which quarters are furnished free of charge by the city to the library. The councilmen of the city of Wilmington appropriate $5,000.00 a year, in equal monthly installments, to the Wilmington Public Library for its upkeep and maintenance,. and the trustees, through their secretary, reports to the city councilmen all receipts and disbursements. The employment of and salaries of employees are passed upon by the trustees. The commissioners of New Hanover County appropriate $1,000.00 annually for the operation of a bookmobile throughout the county, which is supervised and controlled by the said trustees of the Wilmington Public Library. This bookmobile, however, is a distinct and separate operation carried on by said trustees. The appropriation by the city councilmen to the Wilmington Public Library is made from the city's general tax fund. The trustees appointed by the city councilmen exercise absolute authority and control over the Wilmington Public Library, its personnel, payment of salaries and policies of operation.

The law under which the library is created makes its establishment mandatory upon the city government, and the city is obeying the mandate of the law when it pursues the method it has pursued in establishing and operating the library. The Wilmington Public Library as created and operated is but an agent of the council of the city of Wilmington to carry out the mandate of the law. The library is entirely dependent upon city government for its functioning and very existence. Since the Wilmington Public Library is but an agent of the city of Wilmington, under its complete control, it follows that the employees of the library are employees of the city.

We are therefore of the opinion that there was no error in the holding of his Honor below that the employees of the Wilmington Public Library were employees of the city of Wilmington, and as such were eligible to the benefits of the Retirement System under the provisions of ch. 708, Session Laws, 1943.

Third: Appeal by plaintiffs' Mrs. L. O. Ellis, from judgment denying the *mandamus* sought to her and other employees of the Associated Charities of the city of Wilmington.

It is the contention of Mrs. L. O. Ellis, appellant, that the court erred in holding that the employees of the Associated Charities of the city of Wilmington are not employees of the city of Wilmington and thereupon adjudging that the trustees of the Retirement System of the city of Wilmington are not required to accept from said employees any amount deducted from their salaries, or to admit their names upon the pension roll of such system, under the provisions of chapter 708, Session Laws, 1943. We are of the opinion that the contention is not sustained by the record.

The Associated Charities of the city of Wilmington is a private corporation, with its charters duly recorded in New Hanover County, wherein its powers are delineated. It functions with a president and other officers provided by a Board of Directors, none of whom is chosen by the city of Wilmington, and no city official is a member of the board. The corporation performs all of its duties and functions in aid of the poor, indigent and needy solely by virtue of authority of its charter, and not under any authority vested in it by either the city or county. The salaries of the plaintiff Ellis and others are determined by its board of directors. While it is true the Associated Charities submits a budget to the city and county, such budget is only recommendatory in its nature, as it is followed, modified or disregarded at the discretion of the city and county. All funds appropriated to the corporation by the city or county, or derived from other sources, are disbursed by its officers and board of directors. Neither the number of employees, nor the amount of their salaries, nor their duties nor any function performed by them are determined by the city or county.

Under the facts enumerated we are of the opinion that there was no error in the holding of his Honor below that the employees of the Associated Charities of the city of Wilmington were not employees of the city of Wilmington, and therefore were not eligible to the benefits of the retirement system under the provisions of ch. 708, Session Laws, 1943.

Fourth: Appeal by the plaintiff, Earl S. Bland, from judgment denying the *mandamus* sought to him and other employees of the Alcoholic Beverage Control Board of New Hanover County.

It is the contention of Earl S. Bland, appellant, that the court erred in holding that the employees of the Alcoholic Beverage Control Board of New Hanover County are not employees of the county of New Hanover and thereupon adjudicating that the trustees of the Retirement System of the city of Wilmington are not required to accept from said

employees any amount deducted from their salaries or to admit their names upon the pension roll of such system, under the provisions of ch. 708, Session Laws, 1943. We are of the opinion that the contention is not sustained by the record.

The Alcoholic Beverage Control Board of New Hanover County was created by ch. 49, Public Laws 1937. This Act invests the control of the county board in the State Board of Alcoholic Beverage Control. It appears from section 10 of the 1937 Act that all powers exercised by the county board are subject to approval of the State Board, and by subsection (j) of section 4 of said Act the State Board is specifically granted discretionary powers to approve or disapprove all regulations of the county board as to the operation of county stores. There is no authority whatsoever vested in the city of Wilmington or county of New Hanover to control the Alcoholic Beverage Control Board of New Hanover County, to determine the number of its employees, to fix their salaries, or to assign their duties, or to in any way interfere with the discretionary powers vested in the State and County Boards of Alcoholic Beverage Control.

The only relation between the Alcoholic Beverage Control Board of New Hanover County and the city of Wilmington and the county of New Hanover is that by virtue of ch. 471, Public-Local Laws 1937, provision is made that the city shall receive two-thirds and the county one-third of the net profits realized by the discretionary operation of liquor stores within the city of Wilmington, and that the other municipalities in New Hanover County and the county shall receive certain percentages of such profits from stores operated in other municipalities in the county. Neither the city nor the county determine who shall be or how many employees there shall be of the Alcoholic Beverage Control Board of New Hanover County; neither fix their salaries nor determine their duties, nor in any wise exercise any control over them.

Under the facts as delineated, we are of the opinion that there was no error in the holding of his Honor below that the employees of Alcoholic Beverage Control Board of New Hanover County were not employees of the county of New Hanover, nor of the city of Wilmington, and were therefore not eligible to the benefits of the Retirement System under the provisions of ch. 708, Session Laws, 1943.

The judgment of the Superior Court is

Affirmed.

DENNY, J., concurring: Since the enactment of chapter 316, Public-Local Laws 1913, the Board of Health of New Hanover County has been charged with the duty and responsibility of the control and maintenance of the health program for said county, including the municipalities

therein, as provided in chapter 62, Public Laws of 1911, and the amendments thereto. While the 1913 Act purported to transfer certain duties and·responsibilities, from the city council of the city of Wilmington to the County Board of Health, no legislation was required to effectuate such a transfer, since· under the provisions of chapter 62, Public Laws 1911, it was within the discretion of the city council of the city of Wilmington whether or not the city would maintain a health department. By the enactment of chapter 316, Public-Local Laws 1913, no new agency was created but in practical effect the City Health Department was abolished and the city of Wilmington authorized and directed to bear four-fifths of the expenses of the County Board of Health, now alleged and admitted to be two-thirds.

A State-wide Retirement System for Local Government Employees was created by the General Assembly of 1939, chapter 390, which Act was amended by chapter 357, Public Laws 1941. The 1941 Act contains the following provision: ". . . Provided, further, that employees of welfare of (and) health departments whose compensation is derived from both State and local funds may be members of a North Carolina Local Government Employee's Retirement System to the extent of that part of their compensation derived from a county, city or town." It will be noted that while employees of welfare and health departments may receive compensation from State and local funds, the participation in a North Carolina Local Government Employees' Retirement System is limited to the compensation derived from the local funds.

Section 9-A of chapter 357, Public Laws 1941, was amended by 1943 Session Laws, chapter 258, by adding to said section the following: ". . . Provided, further, that this section (requiring a vote) shall not apply to the County of New Hanover or the City of Wilmington, and the Commissioners of the County of New Hanover and of the City of Wilmington are hereby authorized, empowered and directed to appropriate a sufficient amount to put into effect the retirement of employees, both elective and appointive, of the County of New Hanover and the City of Wilmington."

Chapter 669, Session Laws, 1943, created a Retirement System for the employees of New Hanover County, and Chapter 708, Session Laws, 1943, created a Retirement System for the employees of the city of Wilmington. Section 7 (b) of both Acts are identical, except in one deductions are to be made by the county and in the other by the city. Section 7 (b) of chapter 708 reads as follows: "In case of employees employed jointly by the county ·and city, their proportion of pay roll deductions by the city for the benefit of the retirement fund and, in case of retirement, the proportion paid to them from the retirement fund

shall bear the same relation to their total salary as that part of their salary paid by the city bears to the total salary received by them."

I think it was the legislative intent that the employees of the Board of Health of New Hanover County should participate in these Retirement Systems in proportion to the percentage of their salaries paid. by New Hanover County and the city of Wilmington. Such an interpretation is in harmony with the declared policy of the State, as set forth in chapter 357, Public Laws 1941, and quoted herein.

In the ·case of *Callihan v. Board of Education,* 222 N. C., 381, 23 S. E. (2d), 297, it was held that Callihan was an employee of the Board of Education of Robeson County, and that said board was liable with its insurance carrier, under the Workmen's Compensation Act, for the death of Callihan, a teacher of vocational agriculture in said county. The majority opinion does not affect the Callihan decision in any respect, since that decision was bottomed on section 22, chapter 358, School Machinery Act of 1939, the pertinent part of which is as follows: ". . . The county and city administrative units shall be liable for Workmen's Compensation for school employees whose salaries or wages are paid by such local units from local funds, and such local units shall likewise be liable for Workmen's Compensation of school employees employed in connection with teaching vocational agriculture, home economics trades and industrial vocational subjects, supported in part by State and Federal funds, which liability shall cover the entire period of service of such employees. Such local units are authorized and empowered to provide insurance to cover such compensation liability and to include the cost of such insurance in their annual budgets."

The State and Federal Governments are protected from liability in connection with their contributions to local funds for the teaching of agriculture and other vocational subjects by the express provisions of the statute.

The question is not whether those employed by the Board of Health of New Hanover County are "employees" of the city of Wilmington in a technical sense, but whether they come within· the purview of the Retirement Acts and were intended to come within their terms. I think so.

STACY, C. J., joins in this opinion.

BARNHILL, J., dissenting: The majority opinion holds that employees of the Board of Health of New Hanover County are employees of the city of Wilmington within the meaning of chapter 708, Session Laws, 1943, which defines an employee of said city as "anyone in the employ of the city, whether elected or appointed." Sec. 8. In this I am unable to concur.

The health program of North Carolina is operated as a State-wide system with the several counties and some municipalities acting through boards of health as local administrative agencies charged with certain specified duties. Ch. 62, Public Laws 1911. The New Hanover County Board of Health was organized under this Act. In 1913 the Legislature invested the then existing Board of Health of New Hanover County "with the immediate care and responsibility of the health and sanitary interests and conditions of said county, including the City of Wilmington and the Town of Wrightsville Beach, and the due enforcement of all laws with reference thereto." It divested the city of Wilmington of all powers and duties theretofore vested in it in respect to health matters and decreed that "all duties and powers imposed by law upon the Council of the City of Wilmington with reference to the health and sanitary conditions of said city are hereby transferred to and invested in said County Board of Health." Sec. 2, ch. 316, Public-Local Laws 1913. It further enacted "that said County Board of Health shall . . . elect a Superintendent of Health and such assistants, officers, and servants as they shall deem necessary for the enforcement of all health and sanitary laws within said county, including the City of Wilmington and the Town of Wrightsville Beach, and to prescribe the duties of such officers, servants, and helpers so appointed and elected, fix their salaries and compensation, and pass all necessary rules, regulations, and acts with reference thereto." Sec. 3. It was given power to remove any officer or employee for cause. Sec. 9.

The city of Wilmington is required to contribute four-fifths of the necessary expense, including salaries and fees, required for carrying out the provisions of the Act. Sec. 4. To this end the County Board of Health is required to furnish the council of the city of Wilmington and the Board of Commissioners of New Hanover County a yearly statement in detail of all disbursements made by it for the preceding twelve months and at the same time to furnish said bodies a budget listing in detail all estimated expenses and requirements for the ensuing twelve months. The council of the city of Wilmington and the Board of Commissioners of New Hanover County are fixed with authority to review said request for funds for the ensuing year and to reduce the amount asked for if, in the judgment of the council or the board, the amount is excessive or not required for the public needs. It is thereupon made the duty of the council of the city of Wilmington to levy, assess, and collect a tax on the property within the city of Wilmington sufficient to meet its contribution. Sec. 5. It is likewise required to pay over, on the first of each month, one-twelfth of the contribution thus required. Sec. 6.

The city now has no power to employ a servant or agent to engage in the discharge of the duties imposed on the County Board of Health. It

cannot participate in their selection or exercise any degree of control over their activities. They are not, in my opinion, "in the employ of the city." In holding otherwise the majority disregard both the usual and ordinary meaning of the term "employee" and the definition contained in the statute. Instead, the term is given an exceptional meaning which goes far beyond that usually accorded it. So that now the city is without statutory authority to act in respect to the health and sanitary conditions in the city. Even its ordinances are made subordinate to the rules and regulations of the County Board of Health. Yet, those persons engaged in health work—work in which the city cannot engage— are none the less employees of the city. Thus, through its employees, it does what it is expressly forbidden to do. There is nothing in the statute which justifies this exceptional construction.

The authority of the city to maintain an independent board of health has been withdrawn. Its sole prerogative in this respect is to make a contribution, under legislative compulsion, toward the expense incurred by the County Board of Health and to levy and collect a tax sufficient to provide the required contribution. The State has adopted this method of financing the health program in New Hanover County. Under it the council of the city of Wilmington is the agency designated to levy a tax and collect a part of the required revenue. This is the full extent of its authority.

The County Board of Health is an independent governmental agency. Its jurisdiction is coterminous with the county lines. Its revenue is derived by taxation, and the county and city are made the taxing agencies. In no sense, however, is it county or city or agent of either. It is exclusively an agent of the State.

The Federal Government makes contributions to at least eleven State agencies. The State Government makes contributions to help defray expenses of some local agencies. Do these contributions by the Federal Government convert State employees into Federal employees and local agency employees into State employees? We have answered "no." *Callihan v. Board of Education,* 222 N. C., 381. If, however, the majority opinion avails, the answer is yes.

*Bridges v. Charlotte,* 221 N. C., 472, 20 S. E. (2d), 825, is not in point. The factual situation in that case is quite different. Teachers are expressly designated as employees entitled to the benefits of the Retirement Act. Local boards supplementing the State's school salary schedule and term are required to pay their proportionate part of the assessment for this purpose. The City Board of Education of Charlotte, as the local administrative agency, comes within this category. It included this item in its budget, and the governing board of Charlotte, as

the agency designated to raise by taxation funds required by the school board, levied the required tax. Certain taxpayers sought an injunction.

We held that the local school administrative unit is a part of the State-wide system; that it is under the duty to provide its part of the assessment necessary to maintain the retirement fund; that a tax therefor is authorized; and that the governing board of Charlotte, the agency designated to raise the fund by taxation, must levy a tax sufficient to provide the same.

The teachers were there treated as employees of the local school administrative unit. The governing board of Charlotte was required to levy the tax as the agency designated for that purpose. There is no suggestion in that case that the teachers are employees of the city of Charlotte.

I have some doubt about the soundness of the contention that employees of a local library operated by a private corporation are employees of the city. However, my doubt is not of such nature as to compel me to debate the question. I am content to acquiesce in the view of the majority.

I vote to modify in accord with what I have heretofore said and to affirm.